[Cite as *Bank of New York v. Wahle*, 2012-Ohio-6152.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BANK OF NEW YORK MELLON, fka The
Bank of New York as successor in interest
to JP Morgan Chase Bank NA as Trustee for
Structured Asset Mortgage Investments II
Inc. Bear Stearns ALT-A Trust 2005-3,
Mortgage Pass-Through Certificates, Series
2005-3

      Appellee

      v.

JOSEPH F. WAHLE, et al.

      Appellant

C.A. No.     26313

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 03 2074

DECISION AND JOURNAL ENTRY

Dated: December 28, 2012

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Joseph F. Wahle, appeals from the January 26, 2012 judgment entry of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Plaintiff-Appellee, The Bank of New York Mellon ("Bank of New York"), filed a complaint in foreclosure against Mr. Wahle alleging that he defaulted upon his mortgage note and owed $156,568.45 plus interest at the rate of 5.8750% per year from October 1, 2009. Mr. Wahle filed an answer pro se requesting that the case be referred to mediation, but did not deny the allegations set forth in the complaint, or allege any affirmative defenses.

**{¶3}** Bank of New York filed a motion for summary judgment arguing that Mr. Wahle's answer did not deny the allegations set forth in the foreclosure complaint, and that no genuine issues of material fact existed, entitling the bank to judgment as a matter of law. Mr. Wahle retained counsel, filed an amended answer denying the allegations in the complaint, and moved for an extension of time to respond to the motion for summary judgment.

**{¶4}** Later, Bank of New York filed a supplemental motion for summary judgment arguing that Mr. Wahle's general denials and affirmative defenses cannot withstand summary judgment.

**{¶5}** Mr. Wahle filed a memorandum in opposition to Bank of New York's motions for summary judgment contending that genuine issues of material fact existed as to (1) the amount and status of the delinquency, and (2) whether Mr. Wahle was accepted into a loan modification program. Further, after the dispositive motion deadline of October 18, 2010, Mr. Wahle filed a notice of submission of evidentiary materials and reservation of rights, and a notice of deposition duces tecum to China Brown.

**{¶6}** In response, Bank of New York filed motions to strike Mr. Wahle's notice of submission of evidentiary materials and reservation of rights, to quash his notice of deposition duces tecum, and for a protective order. Mr. Wahle then requested that the trial court compel China Brown to appear at the deposition.

**{¶7}** On November 30, 2010, the trial court (1) granted Bank of New York's motions to strike, quash, and for a protective order, (2) denied Mr. Wahle's motion to compel, and (3) granted Bank of New York's motion for summary judgment. Mr. Wahle moved for reconsideration, which was denied.

{¶8}    After two unsuccessful attempted appeals were dismissed, the trial court issued a final appealable order on January 26, 2012.   Mr. Wahle timely appealed and raised three assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF [] BANK OF NEW YORK, WHERE THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT.

{¶9}    In his first assignment of error, Mr. Wahle argues that the trial court erred in granting summary judgment because genuine issues of material fact existed as to the claimed delinquency on the loan.  Specifically, Mr. Wahle argues that he (1) denied the amount due, (2) tendered a payment of $1,000.00 as acceptance into a loan modification program, and (3) disputed the amount of foreclosure fees and costs.

{¶10}  In response, Bank of New York contends that no genuine issue of material fact existed because (1) general denials of the amount due are insufficient to withstand summary judgment, (2) Mr. Wahle's tendered payment of $1,000.00 is not relevant because it was rejected, and (3) there is no evidence of a loan modification.

{¶11}  An appellate court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).  Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Specifically, the moving party must support its motion by pointing to some evidence in the record indicated in Civ.R. 56(C). *Id*. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶12} Civ.R. 56(C) provides that, in reviewing a motion for summary judgment, the court should review "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Further, when affidavits are submitted in support of or in opposition to motions for summary judgment, Civ.R. 56(E) provides that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶13} Here, Bank of New York submitted the following evidence in support of its supplemental motion for summary judgment: (1) the affidavit of China Brown, Vice President of Loan Documentation of Wells Fargo Bank N.A. as servicing agent for Bank of New York, (2) a signed copy of the adjustable rate note, (3) an allonge to the promissory note transferring all rights to Bank of New York, (4) a copy of the signed mortgage, (5) a notice letter to Mr. Wahle advising that he must bring his loan current by January 19, 2010, in order to avoid acceleration of his mortgage note, and (6) a copy of Mr. Wahle's mortgage loan payment history.

{¶14} In support of his memorandum in opposition, Mr. Wahle attached an affidavit averring that: (1) on February 28, 2010, he tendered a $1,000.00 check to America's Servicing Company toward his mortgage payment, (2) on March 9, 2010, he received a letter from America's Servicing Company returning the $1,000.00 check and informing him that his loan was already in foreclosure, (3) on April 7, 2010, he received a letter from Lerner, Sampson & Rothfuss claiming that he owed $2,393 in estimated fees and costs for the foreclosure, (4) he denies owing the amounts alleged in the complaint, (5) on March 17, 2010, he received a letter from Bank of New York inviting him to enter a loan modification program, (6) on August 16, 2010, the trial court instructed him to submit all necessary paperwork for the loan modification program within fourteen days, and (7) on August 26, 2010, he submitted all appropriate documents.

{¶15} Mr. Wahle also submitted (1) a copy of the returned check, (2) a copy of the March 9, 2010 letter returning the check and informing him that his loan is in "a [f]oreclosure status," (3) a copy of the April 7, 2010 reinstatement letter estimating foreclosure fees and costs, and (4) a copy of the March 17, 2010 letter advising him of the federal government's Home Affordable Modification Program with instructions on how to apply.

{¶16} Based upon the evidence in the record, we conclude that Bank of New York met its *Dresher* burden and that no genuine issue of material fact exists to be litigated at trial.

{¶17} First, there are no genuine issues of material fact with regard to the amount due and owing on the mortgage loan. The record indicates that Bank of New York submitted the affidavit of China Brown, vice president of loan documentation of Wells Fargo Bank, N.A., the servicing agent for Bank of New York. In her affidavit, Ms. Brown averred that she has custody of the accounts of the bank including Mr. Wahle's account. Further, Ms. Brown averred that

Bank of New York is the holder of the note and mortgage which is the subject of this foreclosure action. As evidence of ownership, Bank of New York attached a copy of the signed note and mortgage, along with a copy of an assignment of the mortgage from Mortgage Electronic Registration Systems, Inc., to Bank of New York. Ms. Brown also averred that Mr. Wahle defaulted on his mortgage loan and was served with notice of his default, along with notice of Bank of New York's intent to accelerate the mortgage. As evidence of Mr. Wahle's default on the loan, Bank of New York attached a copy of his payment history. Additionally, as evidence of notice of default and acceleration, Bank of New York attached a copy of the letter sent to Mr. Wahle in December of 2009. Finally, Ms. Brown averred that Mr. Wahle owed $156,568.45, with interest from October 1, 2009, at 5.875 percent per year, as may be adjusted per terms of the note, and advances for taxes, insurance, and expenses for protecting the property.

{¶18} In *Charter One Mtge. Corp. v. Keselica*, 9th Dist. No. 04CA008426, 2004-Ohio-4333, this Court addressed a similar situation where the appellant denied the amount due and owing on her mortgage loan. We concluded that "[t]he affidavits submitted by Charter One are adequate to establish the amount owed by [the] [a]ppellant. * * * [The] [a]ppellant did not submit any evidence controverting the sum Charter One claimed was due." *Id*. at ¶ 11.

{¶19} Here, similar to *Charter One Mtge. Corp.*, Mr. Wahle merely alleged in his affidavit that he "[denies] [owing] the amounts alleged by [Bank of New York] in their complaint[,]" however, he failed to submit any evidence controverting the amount that Bank of New York claimed was due and owing. The statement in Mr. Wahle's affidavit mirrors the general denial set forth in his amended answer, which, pursuant to Civ.R. 56, cannot be relied upon to defeat summary judgment. As such, there is no genuine issue of material fact as to this matter.

{¶20} Second, there are no genuine issues of material fact with regard to whether Mr. Wahle's $1,000.00 payment was improperly rejected, or whether he was accepted into a loan modification program. The record indicates that Mr. Wahle received a letter dated December 20, 2009, notifying him of his default and that the loan would be accelerated if he failed to bring it current by January 19, 2010. Further, the letter advised that he must pay $2,501.59, plus any additional monthly payments, late charges and other charges that come due after the date of the notice, on or before January 19, 2010. This letter does not extend an offer to Mr. Wahle regarding a loan modification program. On February 28, 2010, Mr. Wahle tendered a check to the loan servicing company in the amount of $1,000.00, which was returned to him in a letter dated March 9, 2010, because his loan was in a "[f]oreclosure status[.]" Mr. Wahle contends that the March 9, 2010 letter indicated that a foreclosure action had already been filed, creating a genuine issue of material fact. However, the letter clearly does not advise Mr. Wahle that a foreclosure action had already been filed, and does not improperly reject his $1,000.00 payment. The payment he tendered did not cure the default.

{¶21} In addition, Mr. Wahle received a letter dated March 17, 2010, advising him about the federal government's Home Affordable Modification Program. The letter explains how to apply to the program in order to find out if he meets the qualifications, but does not extend any type of offer. Finally, there is no evidence in the record that Mr. Wahle met the qualifications for the Home Affordable Modification Program, or that he was accepted into the program. As such, there is no genuine issue of material fact as to this matter.

{¶22} Third, there are no genuine issues of material fact with regard to the estimated fees and costs set forth in the April 7, 2010 letter from Lerner, Sampson & Rothfuss. Mr. Wahle contends that, had Bank of New York accepted his $1,000.00 payment and forestalled the

foreclosure as "promised" in the loan modification, the cost of filing the foreclosure complaint would have been avoided. As stated above, there is no evidence in the record that Mr. Wahle's $1,000.00 payment was improperly rejected, or that Mr. Wahle was accepted into a loan modification program. As such, there is no genuine issue of material fact as to this matter.

{¶23} Therefore, even viewing the evidence in a light most favorable to Mr. Wahle, we cannot say that the trial court erred in granting Bank of New York's motion for summary judgment.

{¶24} Mr. Wahle's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED [] [MR.] WAHLE [] HIS RIGHTS SET FORTH IN THE SUMMIT COUNTY COURT OF COMMON PLEAS LOCAL RULE 7.14 AND OHIO CIVIL RULE 56(C).

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED [] [MR.] WAHLE [] HIS RIGHTS UNDER OHIO CIVIL RULE 30(B)(5).

{¶25} Because Mr. Wahle's second and third assignments of error are interrelated, we discuss them together. In his second assignment of error, Mr. Wahle argues that, pursuant to Summit County Loc.R. 7.14(C), and Civ.R. 56(C), he was permitted to submit additional evidentiary materials up to one day prior to the non-oral hearing. Specifically, Mr. Wahle argues that he should have been able to supplement his response to summary judgment with an opposing affidavit after taking the deposition of China Brown, Bank of New York's alleged "corporate representative." In his third assignment of error, Mr. Wahle argues that the trial court erred when it denied his motion to compel which prevented him from deposing China Brown. We find both of these assignments of error without merit.

**{¶26}** Summit County Loc.R. 7.14(C) provides, in relevant part, that:

(1) A party opposing a motion for summary judgment made pursuant to Civil Rule 56 may file a brief in opposition with *accompanying evidentiary materials (as permitted by Civil Rule 56(C)[)] within fourteen days of service of the motion.* The movant may file a reply brief in support of the motion within ten (10) days of service of the brief in opposition. The movant's reply brief shall not refer to or include any additional evidentiary materials without agreement of the parties or leave of the Court. Additional reply briefs may only be filed with leave of the Court only upon a showing of good cause.

(Emphasis added.) Further, Civ.R. 56(C) provides, in relevant part, that:

The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, *timely filed in the action*, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *

(Emphasis added.) Here, Mr. Wahle argues that, based upon the language in Civ.R. 56(C), he should have been able to file an opposing affidavit "one day prior to the day of hearing." *See* Civ.R. 56(C). In addition, Mr. Wahle admitted that his opposing affidavit would have been based upon the testimony of China Brown, a Bank of New York employee whom he attempted to depose by way of Civ.R. 30(B)(5). However, because Mr. Wahle's notice of deposition was improperly served upon China Brown, thus precluding him from taking her deposition, we decline to further address his notion that the Civil Rules allow him to serve evidentiary materials one day prior to the hearing on a motion for summary judgment.

**{¶27}** Civ.R. 30(A) states that "[a]fter commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination. The attendance of a witness deponent may be compelled by the use of subpoena as provided by Civ.R. 45. The attendance of a party deponent may be compelled by the use of notice of

examination as provided by division (B) of this rule. * * *" Further, Civ.R. 30(B)(5) provides that:

> A party, in the party's notice, may name as the deponent a public or private corporation, a partnership, or an association and designate with reasonable particularity the matter on which examination is requested. The organization so named shall choose one or more of its proper employees, officers, agents or other persons duly authorized to testify on its behalf. The persons so designated shall testify as to matters known or available to the organization. Division (B)(5) does not preclude taking a deposition by any other procedure authorized in these rules.

{¶28} Here, Mr. Wahle attempted to take the deposition of China Brown, an employee of Wells Fargo Bank, NA, by issuing a notice of deposition duces tecum pursuant to Civ.R. 30(B)(5). However, because Ms. Brown is a "witness deponent," her attendance must be compelled through a subpoena as provided in Civ.R. 45. Civ.R. 30(B)(5) clearly states that a party may name as its deponent "a public or private corporation, a partnership, or an association," and then, "[t]he organization so named shall choose one or more of its proper employees, officers, agents or other person duly authorized to testify on its behalf." Mr. Wahle could have properly issued a subpoena, pursuant to Civ.R. 45, compelling Ms. Brown to attend a deposition. Instead, Mr. Wahle incorrectly attempted to compel her attendance through a notice of deposition via Civ.R. 30(B)(5), which only allows him to name a corporate entity, and then, the corporate entity must choose the individual who will testify on its behalf. As such, the trial court did not err in denying Mr. Wahle's motion to compel, and granting Bank of New York's Motion for Summary Judgment.

{¶29} Mr. Wahle's second and third assignments of error are overruled.

### III.

{¶30} In overruling Mr. Wahle's three assignments of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT


DICKINSON, J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

JACK W. MORRISON, JR., Attorney at Law, for Appellant.

SCOTT A. KING and TERRY W. POSEY, JR., Attorneys at Law, for Appellee.